1

2                              **JS-6**

3                                            O

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   OZZIE ALEEM and ROSE      )   Case No. EDCV 09-01812-VAP
     PEGUES,                   )   (RZx)
12                            )
                  Plaintiffs, )   **[Motion to Remand filed on**
13                            )   **December 21, 2009; Motion to**
          v.                  )   **Dismiss filed on December**
14                            )   **24, 2009]**
     BANK OF AMERICA,          )
15   NATIONAL ASSOCIATION;     )   **ORDER (1) GRANTING MOTION TO**
     COUNTRYWIDE HOME LOANS,   )   **DISMISS, IN PART; AND (2)**
16   INC.; MORTGAGE            )   **GRANTING MOTION TO REMAND**
     ELECTRONIC REGISTRATION   )
17   SYSTEMS, INC; RECONTRUST  )
     COMPANY, N.A.; AND DOES   )
18   1-10,                     )
                              )
19                Defendants. )
     _____ )
20

21        The Court has received and considered all papers

22   filed in support of, and opposition to, Plaintiffs Ozzie

23   Aleem's and Rose Pegues's Motion to Remand Removed Action

24   ("Motion to Remand") and Defendants Bank of America,

25   Countrywide Home Loans, Inc., and Recontrust Company,

26   N.A.'s Motion to Dismiss Plaintiffs' First Amended

27   Complaint ("Motion to Dismiss").  The Motions are

28   appropriate for resolution without a hearing.  L.R. 7-15.

For the reasons set forth below, the Court: (1) GRANTS Defendants' Motion to Dismiss with prejudice as to Plaintiffs' federal claims, and (2) GRANTS Plaintiffs' Motion for Remand.

## I. BACKGROUND

On August 24, 2009, Plaintiffs Ozzie Aleem and Rose Pegues (collectively, "Plaintiffs") filed a Complaint in California Superior Court, Riverside County against Defendants Bank of American National Association ("Bank of America"), Countrywide Home Loans, Inc. ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Recontrust Company, N.A. ("Recontrust"), and DOES 1 through 10.  Plaintiffs alleged the following causes of action: (1) violations of Cal. Civ. Code §2923.5; (2) violations of Cal. Civ. Code §2923.53; (3) violations of Cal. Civ. Code §2926.6; (4) negligent servicing; (5) wrongful foreclosure; (6) breach of contract - third party beneficiary; (7) unfair debt collection practices; (8) violations of Cal. Bus. & Prof. Code §17200; (9) violations of Cal. Bus. & Prof. Code §17500; (10) cancellation of instrument; (11) quiet title; (12) breach of fiduciary duty; (13) unconscionability; (14) rescission in equity; (15) accounting; and (16) unjust enrichment/double dipping.

1   Defendants removed the action to this Court on
2   September 25, 2009, on the basis of federal question
3   jurisdiction.  On December 7, 2009, Plaintiffs filed a
4   First Amended Complaint ("FAC"), in which they removed
5   MERS as a defendant and eliminated twelve causes of
6   action.  Plaintiffs' remaining four causes of action are
7   as follows:  (1) violations of Cal. Bus. & Prof. Code
8   §17200; (2) violations of Cal. Bus. & Prof. Code §17500;
9   (3) breach of fiduciary duty; and (4) unjust enrichment.
10
11
12   On December 21, 2009, Plaintiffs filed a Motion to
13   Remand.  On December 24, 2009, Defendants filed the
14   Motion to Dismiss and Request for Judicial Notice
15   ("Motion to Dismiss RJN").  On January 7, 2010,
16   Defendants filed Opposition to the Motion to Remand
17   ("Remand Opp'n") and Request for Judicial Notice ("Remand
18   Opp'n RJN").  On January 11, 2010, Plaintiffs filed
19   Opposition to the Motion to Dismiss ("MTD Opp'n").  On
20   January 14, 2010, Defendants filed a Reply in support of
21   the Motion to Dismiss ("MTD Reply").  On January 18,
22   2010, Plaintiffs filed a Reply in support of the Motion
23   to Remand ("Remand Reply").
24
25
26
27
28

**II. LEGAL STANDARDS**

**A.   Removal**

Removal jurisdiction is governed by statute.  See 28 U.S.C. § 1441, et seq.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Removal is improper when the district court would not have original jurisdiction over the case.  See 28 U.S.C. § 1441(a).  A case shall be remanded when the court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

**B.   Motion to Dismiss**

Rule 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47

1  (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic

2  Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition,

3  the Court must accept all material allegations in the

4  complaint -- as well as any reasonable inferences to be

5  drawn from them -- as true.  See Doe v. United States,

6  419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S.

7  Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

8

9      "While a complaint attacked by a Rule 12(b)(6)

10  motion to dismiss does not need detailed factual

11  allegations, a plaintiff's obligation to provide the

12  'grounds' of his 'entitlement to relief' requires more

13  than labels and conclusions, and a formulaic recitation

14  of the elements of a cause of action will not do."  Bell

15  Atlantic, 550 U.S. at 555 (citations omitted).  Rather,

16  the allegations in the complaint "must be enough to raise

17  a right to relief above the speculative level."  Id.

18

19      In other words, the allegations must be plausible on

20  the face of the complaint.  See Ashcroft v. Iqbal, 556

21  U.S. ___, 129 S. Ct. 1937, 1949 (2009).  "The

22  plausibility standard is not akin to a 'probability

23  requirement,' but it asks for more than a sheer

24  possibility that a defendant has acted unlawfully.  Where

25  a complaint pleads facts that are 'merely consistent

26  with' a defendant's liability, it stops short of the line

27  between possibility and plausibility of 'entitlement to

28

1  relief.'"   Id. (citations and internal quotations
2  omitted).

3

4      Although the scope of review is limited to the
5  contents of the complaint, the Court may also consider
6  exhibits submitted with the complaint, Hal Roach Studios,
7  Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19
8  (9th Cir. 1990), and "take judicial notice of matters of
9  public record outside the pleadings," Mir v. Little Co.
10 of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

11

12                   **III. DISCUSSION**
13     Plaintiffs argue that remand is proper because their
14 remaining claims are based on California state law, not
15 federal law.  (Mot. at 3-4.)  Defendant responds that
16 some of Plaintiff's claims "implicate" federal law and
17 others "arise under" federal law, making jurisdiction
18 proper under 28 U.S.C. § 1331.  (Remand Opp'n at 2-3, 4-
19 5.)

20

21     A claim arises under federal law within the meaning
22 of 28 U.S.C. § 1331 if: (1) federal law creates the claim
23 asserted; (2) under the artful pleading doctrine, the
24 cause of action should be recharacterized as a federal
25 claim, either because it omits federal law essential to
26 the cause of action or because the state law cause of
27 action is completely pre-empted by federal law; or (3)
28

                            6

the claim necessarily turns on the construction of a substantial, disputed federal question.  See Rains v. Criterion Sys., Inc., 80 F.3d 339, 343-46 (9th Cir. 1996).  "When a claim can be supported by alternative and independent theories -- one of which is a state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Id. at 346; see also Christianson v. Colt Inds. Operating Corp., 486 U.S. 800, 810 (1988).

Here, none of Plaintiffs' four claims is created by federal law, as they allege causes of action either arising from California common law or California statutes.  Defendants do not argue that any of Plaintiffs' causes of action are pre-empted by federal law, or that Plaintiffs omit federal law essential to any cause of action from the FAC.  Accordingly, for the Court to exercise federal question jurisdiction, at least one cause of action must necessarily turn on the construction of a substantial, disputed federal question.

Plaintiffs refer to violations of federal law in two claims: (1) violations of Cal. Bus. & Prof. Code §17200 (FAC ¶¶ 82, 91-97, 110); and (2) unjust enrichment (FAC ¶¶ 129, 131, 135).  The Court accordingly examines

1   whether or not these claims necessarily turn on the

2   construction of a substantial, disputed federal question.

3

4   **B.   Violations of Cal. Bus. & Prof. Code § 17200**

5       In order to demonstrate Defendants have engaged in

6   unfair business practices in violation of Section 17200

7   of the California Business and Professions Code ("UCL"),

8   Plaintiffs must show that Defendants engaged in a

9   business practice that is unlawful, unfair, or

10  fraudulent.  Cal. Bus. & Prof. Code § 17200.

11

12      Here, Plaintiffs argue Defendants violated Section

13  17200 by: (1) failing to contact Plaintiffs in person or

14  by telephone to assess their financial situation and

15  explore options for the borrower to avoid foreclosure

16  prior to recording a notice of default, as required by

17  Cal. Civ. Code § 2923.5(a)(2) (FAC ¶¶ 78-80); (2) failing

18  to advise Plaintiffs of their right to request a

19  subsequent meeting "that must occur, if requested, within

20  14 days," pursuant to Cal. Civ. Code § 2923.5(a)(2) (FAC

21  ¶ 81); (3) failing to provide Plaintiffs "the toll-free

22  telephone number made available by the United States

23  Department of Housing and Urban Development (HUD) to find

24  a HUD-certified housing counseling agency in the required

25  in person meeting or telephone call" (FAC ¶ 82); (4)

26  failing to meet the requirements of Cal. Civ. Code § 2923

27  when recording the Notice of Default against Plaintiffs

28

1  (FAC ¶¶ 83-86);(5) failing to offer Plaintiffs a loan
2  modification, pursuant to Cal. Civ. Code 2923.6 ; (6)
3  failing, refusing, or neglecting "to evaluate Plaintiffs
4  for a loan modification or other foreclosure prevention
5  alternatives," pursuant to Cal. Civ. Code 2923.52 (FAC ¶¶
6  89-90); (7) failing to comply with the National Housing
7  Act "in that [Defendants] did not advise Plaintiffs of
8  any home ownership counseling offered by them together
9  with information about counseling offered by the U.S.
10  Department of Housing and Urban Development" (FAC ¶¶ 91-
11  93); (8) failing to determine Plaintiffs' "eligibility
12  for the [HAMP]" (FAC ¶ 98); (9) failing to temporarily
13  suspend any foreclosure action while considering
14  Plaintiffs for alternative foreclosure prevention options
15  (FAC ¶ 99).

16

17      The UCL cannot create a private right of action where
18  none exists under the federal statute.  Summit Tech.,
19  Inc. v. High-Line Med. Instruments Co., Inc., 922 F.
20  Supp. 299, 316 (C.D. Cal. 1996).  Though Plaintiffs
21  mention the National Housing Act and the HAMP, they fail
22  to allege any elements related to violations of these
23  statutes, nor do they provide a basis for concluding that
24  a private right of action exists under these statutes.
25  See Baker v. Northland Morg. Co., 344 F. Supp. 1385, 1386
26  (D.C. Ill. 1972) (the National Housing Act does not
27  provide a private right of action); Delgadillo v.

28

<u>Countrywide Home Loans, Inc.</u>, No. CV 09-7435 AHM (PLAx), 2009 WL 5064943, at *1-2 (C.D. Cal. Dec. 23, 2009) (remanding, for lack of federal jurisdiction, state law claims predicated in part on defendants' failure to comply with HAMP loan modification guidelines, and noting that HAMP "does not mandate federal jurisdiction"). Thus, to the extent Plaintiffs' UCL claim is based upon the National Housing Act or HAMP, Plaintiffs have failed to state a claim.

Furthermore, Plaintiffs rely on federal law for only three of the nine theories of liability under which they seek to establish violations of Section 17200. Liability, therefore, does not necessarily turn on the construction of a substantial, disputed federal question, because any of the nine theories may independently support liability.  See <u>Rains</u>, 80 F.3d at 346.

Thus, this cause of action does not necessarily turn on the construction of a substantial, disputed federal question because Plaintiffs have alleged no basis for a federal claim.  The Court therefore DISMISSES with prejudice Plaintiffs' claim for violations of Cal. Bus. & Prof. Code § 17200, to the extent it is based upon violations of the National Housing Act and HAMP.  To the extent their claim is predicated on violations of state

1 law, the Court declines to reach the merits state law

2 claims.

3

4 **B.  Unjust Enrichment**

5     The elements of an unjust enrichment claim are

6 receipt of a benefit and unjust retention of the benefit

7 at the expense of another.  <u>Lectrodryer v. SeoulBank</u>, 77

8 Cal. App. 4th 723, 726 (2000).  Plaintiffs allege that

9 Bank of America "has received billions $52.5 Billion

10 [sic] in TARP funds, under the Economic Stabilization Act

11 of 2008, which were meant to relieve banks of their

12 'troubled assets' including Notes and Mortgages which are

13 in foreclosure."  (FAC ¶ 129.)  Further, Plaintiffs

14 allege that Defendants violated their Participation

15 Agreement under the "Home Affordable Modification

16 [P]rogram" ("HAMP") by refusing to determine Plaintiffs'

17 eligibility for loan modification.  (FAC ¶ 131.)

18 Finally, Plaintiffs allege Defendants violated California

19 Civil Code Sections 2923.5, 2923.53, and 2923.6, and

20 California Business & Professions Code Sections 17200 and

21 172500, which "unjustly enriched Defendants, to the

22 determent of the Plaintiffs, by causing Defendants to

23 receive monetary payments from Plaintiffs."  (FAC ¶ 132.)

24

25     Plaintiffs' federal allegations regarding unjust

26 enrichment appear to be an attempt at enforcing a private

27 right of action under TARP and HAMP.  There is no express

28

or implied right to sue fund recipients, however, under
TARP or HAMP.  <u>See</u> <u>Pantoja v. Countrywide Home Loans,</u>
<u>Inc.</u>, 640 F. Supp. 2d 1177, 1187 (N.D. Cal. 2009); <u>Ung v.</u>
<u>GMAC Mortg.</u>, No. EDCV 09-893-VAP, 2009 LEXIS 115900, at
*9-11 (C.D. Cal. Sept. 4, 2009) (dismissing, with
prejudice, TARP-based claims pled as the basis for state
law claims); <u>Gonzales v. First Franklin Loan Svcs.</u>, No.
1:09-CV099941 AWI-GSA, 2010 WL 144862, at *18 (E.D. Cal.
Jan. 11, 2010) (there is no private right of action under
TARP or the Emergency Economic Stabilization Act
("EESA")); <u>Delgadillo v. Countrywide Home Loans, Inc.</u>,
No. CV 09-7435 AHM (PLAx), 2009 WL 5064943, at *1-2 (C.D.
Cal. Dec. 23, 2009) (HAMP "does not mandate federal
jurisdiction").

     Thus, this cause of action does not necessarily turn
on the construction of a substantial, disputed federal
question because Plaintiffs have alleged no basis for a
federal claim.  The Court DISMISSES with prejudice
Plaintiffs' claim for unjust enrichment, to the extent it
is based upon violations of TARP and HAMP.  To the extent
the claim is predicated on violations of state law, the
Court declines to reach the merits of state law claim.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES with prejudice Plaintiffs' first claim for violations of Cal. Bus. & Prof. § 17200, to the extent it is based on violations of the National Housing Act and HAMP, and Plaintiff's fourth claim with prejudice, to the extent it is based upon violations of TARP and HAMP.  As none of the remaining causes of action asserted in the FAC presents a federal question under 28 U.S.C. § 1331, the Court REMANDS the action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**


Dated: <u>February 9, 2010</u>

VIRGINIA A. PHILLIPS
United States District Judge